**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1297
_____

JACOB POOLE,

Appellant

v.

USCIS PITTSBURGH FIELD OFFICE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-23-cv-00503)
District Judge:  Honorable Cathy Bissoon

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 9, 2024

Before: JORDAN, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: July 17, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jacob Poole appeals the District Court's order dismissing his complaint. For the reasons that follow, we will modify the District Court's order and affirm the order as modified.

In June 2021, the United States Citizenship and Immigration Services (USCIS) sent Poole a "Notice of Motion to Reopen." In the notice, a Field Director informed Poole that the agency was reopening its decision to approve his application for a certificate of citizenship with an intent to deny. It noted that he did not acquire citizenship through his parents because he was not adopted in the United States before his eighteenth birthday.

In April 2023, Poole filed a complaint against the USCIS. He titled the complaint as arising under "Former INA 321 Automatic Acquisition of Citizenship After Birth." The District Court believed that Poole was requesting a declaration that he had acquired United States citizenship. The District Court noted that Poole had not shown that he had exhausted administrative remedies or that the notice of a motion to reopen was a final order. The District Court concluded that it lacked subject matter jurisdiction over the matter and dismissed the complaint with prejudice. Poole filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's dismissal for lack of subject-matter jurisdiction de novo. See In re Avena, 92 F.4th 473, 478 (3d Cir. 2024). According to the Notice of Motion to Reopen Poole has submitted, he applied for a certificate of citizenship by filing a Form N-600 with the USCIS. The USCIS initially approved the application in 2020 but later determined that the form was approved in error. While Poole may seek a declaration of citizenship by filing a

declaratory judgment action in the District Court pursuant to 8 U.S.C. § 1503(a), he must first exhaust his administrative remedies. See United States v. Breyer, 41 F.3d 884, 892 (3d Cir. 1994) (explaining that because "section 1503(a) expressly requires a 'final administrative denial' before any such action may be instituted, a federal district court does not have jurisdiction to declare citizenship absent exhaustion of an applicant's administrative remedies"). Poole does not assert that the USCIS has, in fact, reopened and denied his application. Thus, he has not shown that he has exhausted his remedies such that there is a final administrative denial.

In his brief, Poole does not challenge the District Court's determination that he has not exhausted his administrative remedies. Rather, he complains that his request for oral argument was ignored and that he was not allowed to present his case. Poole, however, had the opportunity to present his claims in his complaint, and the lack of oral argument did not deny him due process. See Fed. Commc'ns Comm'n v. WJR, The Goodwill Station, 337 U.S. 265, 276 (1949) (noting that "the right of oral argument as a matter of procedural due process varies from case to case in accordance with differing circumstances, as do other procedural regulations. Certainly the Constitution does not require oral argument in all cases where only insubstantial or frivolous questions of law, or indeed even substantial ones, are raised").

Much of his brief is spent repeatedly detailing abuse he has allegedly suffered. Poole requests that we initiate investigations into, inter alia, child trafficking and paramilitary groups. He has no right, however, to any investigations. See Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007) (holding that "[t]here is no statutory or

3

common law right, much less a constitutional right, to an investigation."); cf. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (observing that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

We agree with the District Court that it lacked subject-matter jurisdiction over Poole's request for a declaration of citizenship and that dismissal was appropriate. Such a dismissal, however, should be without prejudice. See In re Orthopedic "Bone Screw" Prods. Liab. Litig., 132 F.3d 152, 155 (3d Cir. 1997). Accordingly, we will modify the District Court's order to dismiss Poole's request for a declaration of citizenship without prejudice, and we will affirm the order as modified.